**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| JOSEPH POST, Individually and On Behalf of All Others Similarly Situated, ) ) ) | |
| Plaintiff, ) ) | Case No. _____ |
| v. ) ) | JURY TRIAL DEMANDED |
| TECH DATA CORPORATION, ROBERT M. DUTKOWSKY, CHARLES E. ADAIR, KAREN DAHUT, HARRY J. HARCZAK, JR., BRIDGETTE HELLER, RICHARD T. HUME, KATHLEEN MISUNAS, THOMAS MORGAN, PATRICK SAYER, SAVIO W. TUNG, APOLLO GLOBAL MANAGEMENT, INC., TIGER MIDCO, LLC, and TIGER MERGER SUB CO., ) ) ) ) ) ) ) ) ) ) ) | CLASS ACTION |
| Defendants. ) | |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. This action stems from a proposed transaction announced on November 13, 2019 (the "Proposed Transaction"), pursuant to which Tech Data Corporation ("Tech Data" or the "Company") will be acquired by affiliates of Apollo Global Management, Inc., a Delaware corporation ("Apollo Global").

2. On November 12, 2019, Tech Data's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (as amended, the "Merger Agreement") with Tiger Midco, LLC, a Delaware limited liability company ("Parent"), and Tiger Merger Sub Co., a Delaware corporation ("Merger Sub," and together with

Parent and Apollo Global, "Apollo"). Pursuant to the terms of the Merger Agreement, Tech Data's stockholders will receive $145.00 in cash for each share of Tech Data common stock they own.

3. On December 12, 2019, defendants filed a proxy statement (the "Proxy Statement") with the United States Securities and Exchange Commission (the "SEC") in connection with the Proposed Transaction.

4. The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Tech Data common stock.

9. Defendant Tech Data is a Florida corporation and a party to the Merger Agreement.

Tech Data's common stock is traded on the NASDAQ Global Select Market under the ticker symbol "TECD."

10. Defendant Robert M. Dutowsky is Chairman of the Board of the Company.

11. Defendant Charles E. Adair is a director of the Company.

12. Defendant Karen Dahut is a director of the Company.

13. Defendant Harry J. Harczak, Jr. is a director of the Company.

14. Defendant Bridgette Heller is a director of the Company.

15. Defendant Richard T. Hume is Chief Executive Officer and a director of the Company.

16. Defendant Kathleen Misuanas is a director of the Company.

17. Defendant Thomas Morgan is a director of the Company.

18. Defendant Patrick Sayer is a director of the Company.

19. Defendant Savio W. Tung is a director of the Company.

20. The defendants identified in paragraphs 10 through 19 are collectively referred to herein as the "Individual Defendants."

21. Defendant Apollo Global is a Delaware corporation. Parent and Merger Sub are affiliates of Apollo Global.

22. Defendant Parent is a Delaware limited liability company and a party to the Merger Agreement.

23. Defendant Merger Sub is a Delaware corporation and a party to the Merger Agreement.

## CLASS ACTION ALLEGATIONS

24. Plaintiff brings this action as a class action on behalf of himself and the other public

stockholders of Tech Data (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

25. This action is properly maintainable as a class action.

26. The Class is so numerous that joinder of all members is impracticable. As of October 31, 2019, there were approximately 35,447,548 shares of Tech Data common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

27. Questions of law and fact are common to the Class, including, among others, whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

28. Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

29. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

30. Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

**SUBSTANTIVE ALLEGATIONS**

*Background of the Company and the Proposed Transaction*

31.     Tech Data is one of the world's largest IT distribution and solutions companies and is ranked No. 88 on the Fortune 500®.

32.     Tech Data's Board caused the Company to enter into the Merger Agreement with Apollo.

33.     Pursuant to the terms of the Merger Agreement, Tech Data's stockholders will receive $145.00 in cash for each share of Tech Data common stock they own.

34.     According to the press release announcing the Proposed Transaction:

Tech Data (Nasdaq: TECD) today announced it has entered into a definitive agreement to be acquired by an affiliate of funds (the "Apollo Funds") managed by affiliates of Apollo Global Management, Inc. (NYSE: APO), a leading global alternative investment manager ("Apollo"). . . .

The Tech Data Board of Directors has unanimously approved the transaction and recommends that Tech Data shareholders vote in favor of the transaction. The transaction is not subject to a financing condition and is expected to close in the first half of calendar year 2020, subject to the satisfaction of customary closing conditions including expiration or termination of the applicable waiting period under the Hart-Scott-Rodino Antitrust Improvements Act, foreign regulatory approvals and approval by the holders of a majority of the outstanding Tech Data shares. Tech Data expects to hold a Special Meeting of Shareholders to consider and vote on the transaction agreement as soon as feasible after the mailing of the proxy statement to shareholders. . . .

Following the close of the transaction, Rich Hume will continue to lead Tech Data as chief executive officer, and the company will continue to be headquartered in Clearwater, Florida. Tech Data will become a privately held company, and Tech Data's common shares will no longer be publicly listed. . . .

Bank of America Securities is serving as financial advisor to Tech Data, and Cleary Gottlieb Steen & Hamilton LLP is acting as legal counsel.

Citi is serving as lead financial advisor to Apollo in connection with the transaction. J.P. Morgan and Wells Fargo are also serving as financial advisors to Apollo. Wachtell, Lipton, Rosen & Katz is acting as corporate counsel to Apollo, and Paul, Weiss, Rifkind, Wharton & Garrison LLP is acting as financing counsel to Apollo.

Transaction financing is being provided by Citi, J.P. Morgan, Wells Fargo, Barclays and RBC Capital Markets.

***The Proxy Statement Omits Material Information, Rendering It False and Misleading***

35. Defendants filed the Proxy Statement with the SEC in connection with the Proposed Transaction.

36. As set forth below, the Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading.

37. First, the Proxy Statement omits material information regarding the Company's financial projections.

38. The Proxy Statement fails to disclose: (i) all line items used to calculate Adjusted EBITDA; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

39. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

40. Second, the Proxy Statement omits material information regarding the analyses performed by the Company's financial advisor in connection with the Proposed Transaction, Bank of America Securities ("BofA").

41. With respect to BofA's *Selected Publicly Traded Companies Analysis*, the Proxy Statement fails to disclose the individual multiples and metrics for the companies observed by BofA in the analysis.

42. With respect to BofA's *Selected Precedent Transactions Analysis*, the Proxy Statement fails to disclose the individual multiples and metrics for the transactions observed by BofA in the analysis.

43.     With respect to BofA's *Discounted Cash Flow Analysis*, the Proxy Statement fails to disclose: (i) the terminal values for Tech Data; (ii) BofA's basis for applying adjusted EBITDA exit multiples of 5.00x, 6.25x, and 7.50x; (iii) the individual inputs and assumptions underlying the discount rates ranging from 7.90% to 10.10%; and (iv) the Company's net debt.

44.     With respect to BofA's analysis of research analysts' price targets, the Proxy Statement fails to disclose: (i) the individual price targets observed by BofA in the analysis; and (ii) the sources thereof.

45.     When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

46.     Third, the Proxy Statement fails to disclose the timing and nature of all communications regarding future employment and directorship of the Company's officers and directors, including who participated in all such communications.

47.     Communications regarding post-transaction employment during the negotiation of the underlying transaction must be disclosed to stockholders.  This information is necessary for stockholders to understand potential conflicts of interest of management and the Board, as that information provides illumination concerning motivations that would prevent fiduciaries from acting solely in the best interests of the Company's stockholders.

48.     Fourth, the Proxy Statement provides that:

> In the ordinary course of their businesses, BofA Securities and its affiliates may invest on a principal basis or on behalf of customers or manage funds that invest, make or hold long or short positions, finance positions or trade or otherwise effect transactions in equity, debt or other securities or financial instruments (including derivatives, bank loans or other obligations) of Tech Data, certain of its affiliates, Apollo and certain affiliates and portfolio companies of Apollo.

49. However, the Proxy Statement fails to disclose the amount of BofA's and its affiliates' holdings in Apollo and its affiliates.

50. The omission of the above-referenced material information renders the Proxy Statement false and misleading, including, *inter alia*, the following sections of the Proxy Statement: (i) Background of the Merger; (ii) Recommendation of the Board and Reasons for the Merger; (iii) Opinion of Tech Data's Financial Advisor; and (iv) Certain Unaudited Prospective Financial Information.

51. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Tech Data**

52. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

53. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Tech Data is liable as the issuer of these statements.

54. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

55. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

56. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

57. The Proxy Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

58. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

59. Because of the false and misleading statements in the Proxy Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants and Apollo

60. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

61. The Individual Defendants and Apollo acted as controlling persons of Tech Data within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or directors of Tech Data and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

62. Each of the Individual Defendants and Apollo was provided with or had unlimited access to copies of the Proxy Statement alleged by plaintiff to be misleading prior to and/or shortly

after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

63. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

64. By virtue of the foregoing, the Individual Defendants and Apollo violated Section 20(a) of the 1934 Act.

65. As set forth above, the Individual Defendants and Apollo had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

      C.      Directing the Individual Defendants to disseminate a Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

      D.      Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

      E.      Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

      F.      Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: December 24, 2019

**RIGRODSKY & LONG, P.A.**

By: /s/ *Gina M. Serra*
Brian D. Long (#4347)
Gina M. Serra (#5387)
300 Delaware Avenue, Suite 1220
Wilmington, DE 19801
Telephone: (302) 295-5310
Facsimile: (302) 654-7530
Email: bdl@rl-legal.com
Email: gms@rl-legal.com

*Attorneys for Plaintiff*

**OF COUNSEL:**

**RM LAW, P.C.**
Richard A. Maniskas
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
Telephone: (484) 324-6800
Facsimile: (484) 631-1305
Email: rm@maniskas.com